IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

CASE NO. _____

F&D INTERNATIONAL CORP.,
a North Carolina corporation,

  Plaintiff,

v.

U.S. FOOD AND DRUG ADMINISTRATION;
MARTIN A. MAKARY, M.D., in his official
capacity as Commissioner of Food and Drugs;
UNITED STATES DEPARTMENT OF HEALTH
AND HUMAN SERVICES; and
ROBERT F. KENNEDY JR., in his official capacity
as Secretary of Health and Human Services,

  Defendants.

_____/

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff, F&D INTERNATIONAL CORP. ("F&D International"), through undersigned and pursuant to the Federal Rules of Civil Procedure, hereby brings this action for judicial review of the actions by the United States Food and Drug Administration, Martin A. Makary, M.D. ("Dr. Makary"), United States Department of Health and Human Services, and Robert F. Kennedy Jr. ("Secretary Kennedy") (collective "FDA"), and seeks declaratory relief and alleges as follows:

Case 1:25-cv-01086-LAF-JGM  Document 1  Filed 11/26/25  Page 1 of 11

## INTRODUCTION

1.     This is an action for declaratory judgment and injunctive relief requiring FDA to cease its unlawful detention of five (5) shipments of imported frozen roasted eel products and discontinue its broader pattern of arbitrary and capricious behavior against F&D International.

2.     FDA has unlawfully withheld action under 5 U.S.C. § 706(1), unreasonably delayed required agency decisions under 5 U.S.C. § 555(b), and engaged in arbitrary and capricious conduct, including unjustifiably detaining shipments as well as rescinding releases after shipments were domesticated and cleared for distribution, in violation of statutory authority, fair notice, and due process.

3.     Plaintiff, F&D International, repeatedly submitted required filings, objections, administrative appeals (including FDA Form 766), and a formal Citizen Petition concerning the detention and rescission of releases of F&D International's imported food products. FDA has failed and refused to issue decisions, act on the petitions, or provide any final agency action.

4.     F&D International seeks judicial intervention to compel FDA to issue decisions on the pending petitions, appeals, and to release or adjudicate detained shipments lawfully.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, 5 U.S.C. § 702, and 28 U.S.C. § 1651.

6.     Venue is proper in this District under 28 U.S.C. § 1391(e), because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

7.      Plaintiff, F&D International Corp., is a corporation incorporated in North Carolina, engaged in the lawful importation and distribution of food products in interstate commerce.

8.      Defendant, U.S. Food and Drug Administration, is a federal agency within the U.S. Department of Health and Human Services charged with enforcing the Federal Food, Drug, and Cosmetic Act ("FDCA").

9.      Defendant, Martin A. Makary, M.D., is Commissioner of Food and Drugs, sued in his official capacity.

10.     Defendant, U.S. Department of Health and Human Services, oversees FDA.

11.     Defendant, Robert F. Kennedy Jr., is Secretary of HHS, sued in his official capacity.

**FACTUAL BACKGROUND**

**<u>FDA</u>**

12.     FDA is the primary agency responsible for administering and enforcing the FDCA. FDA enforces the FDCA through both civil and criminal enforcement actions.

13.     For civil enforcement actions that do not require involvement from the Department of Justice, FDA can issue warning letters, recalls, debarments, civil money penalties, seizures, as well as import alerts.

14.     An import alert is a tool used by FDA to flag products with a history of violations so that field offices are on notice of potential risk.

15.     Once a product is placed on import alert, FDA staff may hold incoming shipments without conducting physical testing or inspection—a process known as detention without physical examination—or "DWPE". This mechanism enables the agency to quickly block potentially unsafe or noncompliant products from entering U.S. market.

16. A refusal of admission is FDA's final determination that a shipment violates U.S. law.

17. Products commonly refused include those found to be adulterated, misbranded, containing unapproved ingredients, or violative of a third party's intellectual property rights.

18. When a product is on an import alert, each shipment will be held at the port of entry and will not be allowed to enter unless the product has been tested by an approved laboratory for the agent of concern using a testing protocol and laboratory that FDA will review.

19. The lab then sends the results to FDA, and if FDA accepts the results and the product is compliant it will be allowed to enter the U.S.

20. The entire cost of this process (testing, holding of product etc.) is borne by the company trying to import the product into the U.S.

21. An importer may petition the FDA for removal of its product from an import alert, including having its foreign manufacturer and shippers gain pre-approval status by being designated on the FDA's "Green List". The FDA provides general requirements for removal and "Green List" approval, but one criterion is the FDA's acceptance of five (5) consecutive compliant shipments into the U.S.

22. Under the FDCA, if FDA detains a shipment or issues a Notice of Refusal, an importer is entitled to submit responses, evidence, and administrative appeals, including FDA Form 766.

### F&D International

23. F&D International is a long-standing importer of food products subject to FDA jurisdiction, including frozen roasted eel products.

24.	F&D International's imported eel shipments have a consistent history of passing third-party laboratory testing and being admitted into U.S. commerce without any public-health or safety concerns.

25.	Beginning in early 2025, however, the FDA Southeast Import Division ("SEID") undertook a pattern of arbitrary, inconsistent, and unexplained detentions and refusals of F&D International's frozen roasted eel products—despite the products being identical to earlier shipments that FDA had repeatedly released without objection.

26.	These actions culminated in the unprecedented rescission of a previously issued release after domestication, extended delays in responding to formal appeals and filings, inconsistent application of Import Alert 16-131, and the imposition of new labeling-based violations not supported by statute, regulation, or FDA practice.

27.	FDA consistently released prior F&D International frozen eel entries (including Entries 788-1883189-9, 788-1883293-9, 788-1886638-2, 788-1889503-5; 788-1884697-0) without raising any labeling or adulteration issues, and then—without any change in product composition, labeling, or country of origin—began detaining and refusing later entries on new grounds not previously asserted.

28.	To date, FDA continues to detain Entries 788-1888520-0, 788-1890934-9, 788-1887734-8, 788-1893086-5, 788-1893346-3 ("Detained Entries").

29.	F&D International timely and repeatedly submitted third-party lab results showing the product was not adulterated, meeting all criteria of Import Alert 16-131.

30.	FDA either ignored or failed to evaluate these results before issuing refusals or continuing detentions.

31.     This, despite the fact that all shipments originated from the same overseas manufacturer, contained the same product, and passed third-party laboratory tests confirming they were not adulterated.

32.     Across multiple entries F&D International submitted timely verbal and written testimony, FD-766s, and appeals. FDA did not confirm receipt, did not acknowledge evidence, and did not issue reasoned responses.

33.     After F&D International resolved or rebutted the violations cited in initial detention notices—including Import Alert 16-131 concerns—FDA subsequently asserted new alleged labeling violations never mentioned in earlier notices. FDA added new labeling-based charges after F&D International had already overcome the original allegations through testimony and lab results.

34.     These alleged Nutrition Labeling and Education Act (NLEA) deviations did not apply to wholesale bulk goods and had not previously been applied to F&D International's identical entries.

35.     In fact, as to Entry 788-1893346-3, FDA released F&D's shipments after sampling and testing. After the products were domesticated and distributed, FDA rescinded the release of this Entry, demanded redelivery, without final agency decision.

36.     This shifting of theories prevented Plaintiff from meaningfully responding and violated basic due process requirements.

37.     F&D International filed timely administrative appeals, Form 766 requests, objections, test results, and corrective documentation, but FDA failed to respond, act, schedule hearings, or issue any written decision.

38. Indeed, in September 2025, F&D International submitted a Citizen Petition under 21 C.F.R. § 10.30, requesting FDA to (i) issue final decisions; (ii) rescind unlawful rescissions; (iii) stop detention of domesticated shipments; and (d) clarify labeling standards.

39. FDA further asserted contradictory positions, at times acknowledging appeals, at times stating no appeal had been received, and at times asserting that refusals were "final" regardless of pending appeals.

40. To date, FDA has not acknowledged, answered, ruled upon, or taken final action on any of these submissions, including the Citizen Petition.

41. Because of FDA's actions and inactions, F&D International has suffered significant business disruption, financial loss, and reputational harm, including delayed shipments, spoilage risk, lost customers, and inability to maintain supply continuity.

42. In light of the foregoing, F&D International has concluded that seeking Court intervention is the company's only recourse for relief from FDA's improper actions.

43. F&D International has exhausted all administrative remedies available to it. Alternatively, any additional pursuit of administrative relief from FDA would be futile and would only result in further delay and harm to F&D International.

## COUNT I — VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

44. F&D International realleges Paragraphs 1 through 43 as if fully set forth herein.

45. Pursuant to 5 U.S.C. §706(2)(A) and (D), a court must hold unlawful and set aside agency action found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law or without observance of procedure required by law.

46. FDA's decision refusing to release Detained Entries is arbitrary and capricious, an abuse of discretion, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and otherwise not in accordance with applicable law.

47. Similarly, FDA's actions of unprecedented rescission of a previously issued release after domestication, extended delays in responding to formal appeals and filings, inconsistent application of Import Alert 16-131, and the imposition of new labeling-based violations not supported by statute, regulation, or FDA practice, are also arbitrary and capricious, an abuse of discretion, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, and otherwise not in accordance with applicable law.

48. As a result, F&D International has been and continues to be harmed by FDA's arbitrary and capricious actions by, *inter alia*, suffering significant business disruption, financial loss, and reputational harm, including delayed shipments, spoilage risk, lost customers, and inability to maintain supply continuity.

## COUNT II — VIOLATION OF THE DUE PROCESS CLAUSE

49. F&D International realleges Paragraphs 1 through 43 as if fully set forth herein.

50. Pursuant to 5 U.S.C. §706(2)(B), a court must hold unlawful and set aside agency action found to be contrary to constitutional right, power, privilege, or immunity.

51. The Fifth Amendment's Due Process Clause provides that "[n]o person shall … be deprived of life, liberty, or property, without due process of law." U.S. Const. Amend. V.

52. FDA has denied F&D International its due process rights by arbitrarily and capriciously refusing to release Detained Entries.

53. Furthermore, FDA has denied F&D International its due process rights by FDA's unprecedented rescission of a previously issued release after domestication, extended delays in

Case 1:25-cv-01086-LAF-JGM     Document 1     Filed 11/26/25     Page 8 of 11

responding to formal appeals and filings, inconsistent application of Import Alert 16-131, and the imposition of new labeling-based violations not supported by statute, regulation, or FDA practice.

54. FDA has misinterpreted and misapplied the law, without just and fair consideration of the facts and law, and been derelict in its duties by, inter alia, failing to timely and substantively respond to F&D Internationals numerous submissions.

55. As a result, F&D International has been and continues to be harmed by FDA's arbitrary and capricious actions by, *inter alia*, suffering significant business disruption, financial loss, and reputational harm, including delayed shipments, spoilage risk, lost customers, and inability to maintain supply continuity.

## COUNT III – DECLARATORY JUDGMENT

56. F&D International realleges Paragraphs 1 through 43 as if fully set forth herein.

57. FDA's actions are in violation of federal law and regulations.

58. F&D International is suffering harm due to FDA's failure to follow the law.

59. FDA's unlawful conduct is ongoing and immediate. As a result of FDA's conduct, F&D International has been directly and proximately harmed and is being harmed.

60. Pursuant to 28 U.S.C. §2201, et seq., F&D International requests that the Court: (a) declare FDA's actions as set forth in this Complaint are contrary to federal law and regulations; (b) declare that FDA has acted arbitrarily and capriciously in its application of federal law and regulations; (c) preliminary and permanently enjoin FDA from continuing to improperly detain the Detained Entries; and (d) enter judgment in favor of F&D International.

**REQUEST FOR RELIEF**

WHEREFORE, F&D International respectfully requests judgment in its favor against FDA as follows:

(i)      Declare that FDA acted unlawfully in detaining the Detained Entries;

(ii)      Enjoin FDA from continuing to detain the Detained Entries;

(iii)      Declare that FDA must consistently apply Import Alert 16-131 as it relates to F&D International's frozen roasted eel products, particularly where those products are identical to earlier shipments that FDA has repeatedly released without objection;

(iv)      Declare that FDA cannot continue to arbitrarily and capriciously detain F&D International's frozen roasted eel products, including rescinding previous releases, until and unless FDA establishes bona fide adulteration and/or labeling issues;

(v)      Enjoin FDA from continuing its improper interference with F&D International's frozen roasted eel products that otherwise meet all criteria of Import Alert 16-131;

(vi)      Declare that FDA cannot utilize any unlawful prior detentions of F&D International's frozen roasted eel products as a basis to deny F&D International's petition the FDA for removal of its product from Import Alert 16-131, including using these prior detentions as a bases to deny F&D International's foreign manufacturer and shippers gain pre-approval status by being designated on the FDA's "Green List";

(vii)      An award of F&D International's reasonably attorneys' fees and costs, as permitted by law; and

(viii)      Such other relief as the Court deems just and appropriate.

Dated: November 26, 2025

Respectfully submitted,


By:  */s/ Gustavo A. Bravo*
    Gustavo A. Bravo, Esq.*
    Florida Bar No. 551287
    *Lead Counsel for Plaintiff*

    BRAVO LAW
    1555 Bonaventure Blvd., Suite 157
    Weston, Florida 33326
    Telephone: (954) 790-6711
    gbravo@lawbravo.com
    efile@lawbravo.com


By:  */s/ Neil D. Kodsi*
    Neil D. Kodsi, Esq.
    North Carolina Bar No. 23228
    *Local Counsel for Plaintiff*

    FELDMAN KODSI
    8325 NE 2nd Ave., Suite 204
    Miami, FL 33138
    Telephone: (305) 445-2005
    NKodsi@FeldmanKodsi.com


* Appearing by Special Appearance Pursuant to L.R. 83.1(d)