| | |
|---|---|
| F&D INTERNATIONAL CORP., a North Carolina corporation, <br><br> Plaintiff, <br><br> v. <br><br> U.S. FOOD AND DRUG ADMINISTRATION; MARTIN A. MAKARY, M.D., in his official capacity as Commissioner of Food and Drugs; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; and ROBERT F. KENNEDY JR., in his official capacity as Secretary of Health and Human Services, <br><br> Defendants. | CASE NO. 1:25-cv-01086-WO-JLW |

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, F&D INTERNATIONAL CORP., pursuant to Federal Rule of Civil Procedure 65 and Local Rule 65.1, and through its undersigned counsel, hereby moves for a preliminary injunction and states:

1. Defendants released eighteen shipments of Plaintiff's frozen roasted eel—identical in product, manufacturer, labeling, and supply chain—while detaining four materially identical entries and later rescinding three that had already been distributed and consumed. FDA initially detained the four entries on adulteration grounds. After certified

laboratory testing cleared all Import Alert 16-131 analytes, FDA did not release the product but instead asserted new labeling objections—never previously raised—and conditioned reconditioning on relabeling 264,000 units within 30 days, an infeasible requirement. FDA identifies no safety risk, disputes no test results, and offers no explanation for its inconsistent treatment.

2.      Defendants' actions are arbitrary and capricious because it: (a) substituted a new detention rationale after the original basis was disproven (impermissible post hoc rationalization); (b) treated identical entries inconsistently without explanation; (c) imposed infeasible reconditioning requirements while ignoring less burdensome alternatives, including Release with Comment; (d) invoked labeling requirements that do not apply to Plaintiff's food-service-only distribution; (e) exceeded its authority by rescinding entries already released into commerce; (f) failed to timely take final action on Plaintiff's September 23, 2025 Citizen Petition; and (g) rescinded entries without pre-deprivation process in violation of the Fifth Amendment.

3.      Plaintiff faces irreparable harm. Monetary relief is unavailable under the APA. Additional harms include loss of 264,000 units of perishable product, adverse import alert consequences affecting Plaintiff and its manufacturers, and reputational injury to a long-standing compliant importer. The equities and public interest favor relief because FDA has not alleged any safety concern and can address labeling issues prospectively without public health risk.

4.      Plaintiff requests an order: (a) releasing Detained Entries 788-1887734-8, 788-1888520-0, 788-1890934-9, and 788-1893086-5, or enjoining refusal, export, or

destruction pending resolution; (b) enjoining enforcement of rescission notices for Entries 788-1893346-3, 788-1912036-7, and 788-1912032-6; (c) alternatively requiring Release with Comment; (d) prohibiting reliance on these actions to deny Import Alert removal or impose new restrictions; (e) compelling final agency action to the Citizen Petition within 30 days; and (f) enjoining future labeling-based detentions absent a reasoned explanation distinguishing prior releases and providing a feasible compliance pathway.

5.      In support, Plaintiff files contemporaneously its Memorandum in Support, the Declaration of Yuliang Feng, and supporting exhibits.

Dated: April 17, 2026

Respectfully submitted,

By: */s/ Gustavo A. Bravo*
    Gustavo A. Bravo, Esq.*
    Florida Bar No. 551287
    *Lead Counsel for Plaintiff*

    BRAVO LAW
    1555 Bonaventure Blvd., Suite 157
    Weston, Florida 33326
    Telephone: (954) 790-6711
    gbravo@lawbravo.com
    efile@lawbravo.com

By: */s/  Neil D. Kodsi*
    Neil D. Kodsi, Esq.
    North Carolina Bar No. 23228
    *Local Counsel for Plaintiff*

    FELDMAN KODSI
    8325 NE 2nd Ave., Suite 204
    Miami, FL 33138
    Telephone: (305) 445-2005
    NKodsi@FeldmanKodsi.com

* Appearing by Special Appearance Pursuant to L.R. 83.1(d)